IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PAUL KEITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-142 |
| | ) | |
| WALTER BERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I. BACKGROUND**

Petitioner states he pleaded guilty in the Superior Court of Richmond County to Criminal Damage, Aggravated Assault, Possession of a Firearm During a Crime, and Possession of a Firearm by a Convicted Felon. (Doc. no. 1, p. 1, (citing State v. Keith, 2013-RCCR-481).) He further states he was sentenced on April 2, 2015, to nine years of imprisonment and five years of probation. (Id.) On direct appeal to the Georgia Court of Appeals, Petitioner unsuccessfully argued his guilty plea was not knowing and voluntary. (Id. at 2 (citing Keith v. State, A16A2181, remittitur date, Nov. 10, 2016).)

In addition to his counseled direct appeal, on August 21, 2017, Petitioner filed a *pro se* motion in the trial court to modify his sentence, arguing he had ineffective assistance of counsel, and Petitioner states the motion is pending. (Id. at 3-4.) Publicly available court records confirm not only that Petitioner has the pending motion to modify his sentence, but also that he filed a "Pro Se Petition for Post Conviction Relief" in the trial court on August 29, 2017.[1] Petitioner also signed the instant federal petition on August 29, 2017. (Id. at 15.)

Petitioner originally filed his case in the Middle District of Georgia, but United States District Judge W. Louis Sands transferred the case to the Southern District of Georgia on November 1, 2017. (See doc. no. 4.) Petitioner claims in the federal petition he received ineffective assistance of trial counsel because (1) there was not an adequate investigation of his case, and (2) there was no request for a competency hearing prior to the guilty plea proceedings. (Id. at 5.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

---

[1] See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Keith, Paul Alexander," open 2013RCCR00481, last visited Nov. 9, 2017); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

2

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the

3

petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### B. Petitioner Failed to Exhaust State Remedies.

Petitioner concedes he has state post-conviction proceedings pending in which he raises ineffective assistance of counsel claims. (Doc. no. 1, pp. 3-4.) Indeed, as described above, records from the Superior Court of Richmond County show Petitioner has two post-conviction requests for relief pending.

"[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Mize v. Hall, 532 F.3d 1184, 1191 n.5 (11th Cir. 2008). However, an unexhausted claim is not procedurally defaulted unless the existence of a state procedural bar makes it evident that any future attempts at exhaustion would be futile. Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013). Georgia case law is clear that, subject to various state procedural requirements, the state

courts are available for Petitioner to raise claims concerning ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Moreover, Petitioner has two requests for post-conviction relief pending in the trial court based on alleged ineffective assistance of counsel.

Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be

---

[2]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Petitioner's requests for post-conviction collateral relief from the trial court have been pending for less than three months. As described above, the state courts must be given an opportunity to consider Petitioner's claims. There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Exhaustion will allow for factual development of the ineffective assistance claims and provide the state courts the first opportunity to correct any alleged constitutional violations. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA